UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BROOKS & BROOKS INVESTMENTS LLC | CIVIL ACTION |
| VERSUS | NO: 22-CV-03854 |
| MT. HAWLEY INSURANCE COMPANY | SECTION: "A" (3) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Transfer Venue (Rec. Doc. 6)** filed by the defendant, Mt. Hawley Insurance Company. Plaintiff, Brooks & Brooks Investments LLC, opposes the motion. The motion, noticed for submission on November 9, 2022, is before the Court on the briefs without oral argument.

This suit arises out of an insurance claim that was filed in the aftermath of Hurricane Ida. The plaintiff, Brooks & Brooks Investments LLC, owns property in Tangipahoa Parish, and entered into a contract with the defendant, Mt. Hawley Insurance Company, for surplus lines insurance.[1] Plaintiff's property suffered extensive damage as a result of Hurricane Ida. After an unresolved dispute over the estimate

---

[1] The Louisiana Department of Insurance defines "Surplus Lines" insurance as, "an alternative type of property and casualty insurance coverage for consumers who cannot get coverage in the standard market."Louisiana Department of Insurance, "Surplus Lines: Insuring Rare, Unusual or Exposed Property in Louisiana" available at https://www.ldi.la.gov/docs/default-source/documents/publicaffairs/consumerpublications/surplus-lines.pdf.

prepared by the adjuster, Plaintiff filed suit against Mt. Hawley in state court. Mt. Hawley removed the suit to this Court based on diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1).

Mt. Hawley now moves to transfer the action to the United States District Court for the Southern District of New York. The policy at issue contains a forum-selection clause that places venue in the State of New York. The policy's forum selection clause reads as follows:

> **Jurisdiction and Venue.** It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, any Named Insured, any additional insured, and any beneficiary hereunder shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction. ***Any litigation commenced by any Named Insured, any additional insured, or any beneficiary hereunder against the Company shall be initiated in New York***. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.

(Rec. Doc. 6-2, Exhibit A at 86) (emphasis added).

Based on the foregoing, Mt. Hawley argues that the action should be transferred to New York pursuant to 28 U.S.C. § 1404(a).

In response, Plaintiff argues that the clause contravenes Louisiana law, is therefore unenforceable, and that none of the factors governing transfer of actions militate in favor of transfer.

A valid forum-selection clause is enforced through a motion for transfer of venue under 28 U.S.C. § 1404(a). *See Atlantic Marine Constr. Co. v. United States Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 59 (2013). Section 1404(a) of Title 28, entitled

Change of Venue, provides that "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." While the usual § 1404(a) analysis involves the weighing of certain private and public interest considerations, with a valid forum-selection clause "[t]he calculus changes" in at least three ways: The plaintiff's choice of forum is given no weight, the court does not consider arguments about the parties' private interests, and the original venue's choice of law rules do not apply. *Id.* at 63-64. As the Supreme Court explained in *Atlantic Marine*, when the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. 571 U.S. at 62. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied. *Id.*

Because the controlling § 1404(a) analysis dictated by the Supreme Court's decision in *Atlantic Marine* presupposes a contractually valid forum-selection clause, 571 U.S. at 62 n.5, the Court begins with Plaintiff's contention that the forum-selection clause in Mt. Hawley's policy is not enforceable under Louisiana law. Plaintiff argues that La. R.S. § 22:868(A), which is part of the Louisiana Insurance Code, renders the Mt. Hawley forum-selection clause unenforceable. That statute prohibits in an insurance contract delivered or issued for delivery in Louisiana, any "condition, stipulation, or agreement" that deprives the courts of this state of "the jurisdiction or venue" of an action against the insurer. La. R.S. § 22:868(A)(2).

Plaintiff fails to note, however, that Subsection D of the statute expressly and unambiguously restricts the scope of Subsection A to policies that are subject to

approval by the Department of Insurance. Subsection D states that "[t]he provisions Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance." La. R.S. 22:868(D). Surplus lines insurers are exempted under the Insurance Code from filing or seeking approval of their forms pertaining to property insurance. La. R.S. § 22:446(A). It is undisputed that the Mt. Hawley policy in this case is a surplus lines policy. (Rec. Doc. 6-2, Exhibit A at 1,3, 21). Thus, § 868(A) does not render the forum-selection clause in this case unenforceable.

Moreover, any contention that Plaintiff can avoid the forum-selection clause in this case is eviscerated by a writ of mandamus that the Fifth Circuit issued earlier this year against the district court in the Western District of Louisiana. Considering the same forum-selection clause as the one in this case, the district court had issued thoughtful reasons explaining why La. R.S. § 868(D) did not apply to save Mt. Hawley's forum-selection clause from the prohibition contained in § 868(A). *Ram Krishana, Inc. v. Mt. Hawley Ins. Co.*, No. 21-3031, 2022 WL 266713 (W.D. La. Jan. 27, 2022). The district court therefore denied Mt. Hawley's motion to transfer venue. *Id.* Mt. Hawley then sought a writ of mandamus to enforce the clause. Even though a writ of mandamus is an extraordinary remedy that can only issue when the right to relief is "clear and indisputable," *In re Drummond*, 886 F.3d 448, 449 (5th Cir. 2018) (citing *In re Dean*, 527 F.3d 391, 394 (5th Cir. 2008)), the Fifth Circuit granted Mt. Hawley's petition for a writ of mandamus and ordered the district court to transfer the case to the Southern District of New York. *In re Mt. Hawley Ins. Co.*, No. 22-30111, 2022 WL 5360188 (5th Cir. Apr. 28,

2022). And notably, the Fifth Circuit's mandate provided no opportunity for the district court to consider any of the factors typically weighed in conjunction with a § 1404(a) motion to transfer—the writ simply ordered the district court to vacate its prior order and to transfer the case to the Southern District of New York. *Id.*

Based on the foregoing, the Court is persuaded that the forum-selection clause in this case is valid and enforceable. Given that Plaintiff has not identified any exceptional factors or extraordinary circumstances that would support denial of Mt. Hawley's § 1404(a) motion, the motion to transfer venue must be granted as a matter of federal law.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Transfer Venue (Rec. Doc. 6)** filed by Mt. Hawley Insurance Co. is **GRANTED**. This matter is **TRANSFERRED** to the United States District Court for the Southern District of New York.

December 2, 2022

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE